# IN THE COURT OF APPEALS OF IOWA

No. 23-1229
Filed November 21, 2023

IN THE INTEREST OF C.C. and M.C.,
Minor Children,

A.L., Mother,
    Appellant,

B.C., Father,
    Appellant.
_____

Appeal from the Iowa District Court for Harrison County, Justin R. Wyatt, District Associate Judge.

A mother and father separately appeal the termination of their parental rights to their two children. **AFFIRMED ON BOTH APPEALS.**

Maura C. Goaley, Council Bluffs, for appellant mother.

William T. Early, Harlan, for appellant father.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Abby L. Davison of Public Defender Office, Council Bluffs, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

The mother and father separately appeal the termination of their parental rights to two children: C.C., born in 2020, and M.C., born in 2016. Each challenges the denial of their respective motions to continue the termination hearing, grounds for termination, and finding that termination is in the children's best interests. Upon our de novo review, we affirm termination of each parent's parental rights.

## I. Background Facts and Proceedings.

In December 2021, the family came to the attention of the Iowa Department of Health and Human Services[1] when it received allegations of methamphetamine use by the children's mother. The children were ultimately removed from the parents' custody in May 2022 and adjudicated in need of assistance. Both the mother and the father completed substance-abuse evaluations, which recommended they each engage in individual treatment.

Throughout 2022, the mother tested positive for methamphetamine multiple times. She entered inpatient substance-abuse treatment several times, but she either left voluntarily or was unsuccessful. In late January 2023, the mother was participating in outpatient services and having supervised visits with the children, but this apparent progress was short-lived. By the February review hearing, the mother reported difficulty staying sober and tested positive again several times.

During most of the proceedings, the father was incarcerated or living at a residential correctional facility. He eventually moved into independent housing and

---

[1] In 2022, the legislature merged the Iowa Department of Human Services and Iowa Department of Public Health to create the Iowa Department of Health and Human Services. At the time of the case, it was the Iowa Department of Human Services.

was reportedly making progress. According to his parole officer, he was staying sober and complying with the substance-abuse treatment recommendations. The children even had a seventeen-day stint at the father's home in late August 2022. Unfortunately, that trial return ended due to the father's positive drug screen. On September 8, the father, the mother, and the mother's paramour were all arrested together for theft and burglary charges. By the September review hearing, the father was in jail for a pending parole violation related to those charges.

By May 2023, it was apparent the parents' progress had completely halted. As a result, the State petitioned to terminate their parental rights. The mother had relapsed and lost her stable housing. The father had been released from prison but moved to a residential correctional facility. Before the termination-of-parental-rights trial, both parents moved to continue the trial—requesting more time to work toward reunification. The court denied the motions and proceeded with the trial in late June 2023. The juvenile court terminated the mother's and father's parental rights to both children. They separately appeal, claiming the trial court abused its discretion in denying the continuance and challenging the evidence supporting termination.

## II. Continuance.

The mother and father both claim the trial court abused its discretion by denying their motions to continue. "[O]ur review of a district court's denial of a motion for continuance is for an abuse of discretion." *In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018). "A court abuses its discretion when 'the decision is grounded on reasons that are clearly untenable or unreasonable,' such as 'when it is based on an erroneous application of the law.'" *Id.* (citation omitted). We will only reverse if

injustice will result to the party desiring the continuance. *In re R.B.*, 832 N.W.2d 375, 378 (Iowa Ct. App. 2013).

The parents' arguments in support of a continuance are, essentially, arguments for more time. The court may grant a parent six additional months to work toward reunification under certain circumstances. *See* Iowa Code § 232.117(5) (2023) (permitting the court to enter a permanency order pursuant to section 232.104 if it does not terminate parental rights); *see also id.* § 232.104(2)(b) (providing a permanency option of giving an additional six months to work toward reunification). To grant such extension, the court must be able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *See id.* § 232.104(2)(b). The father argued that he would be released from the residential correctional facility soon, and the mother asked for more time to obtain further inpatient treatment. While the parents claim the continuance would allow them additional time to reunify with the child, both fail to show that additional time would lead to a different result. Since the Department became involved, the mother had the opportunity to seek treatment, but she failed to successfully complete it. Similarly, the father had been released from custody and given resources to address the barriers to reunification, but he had his parole revoked and began to use illegal substances again. Neither parent had stable housing where the children could be returned. The juvenile court had good reason to believe the situation is unlikely to change in the future. *See R.B.*, 832 N.W.2d at 378; *see also In re J.H.*, 952 N.W.2d 157, 171 (Iowa 2020) (noting a parent's

past performance shows the quality of the future care that parent can provide). Recognizing that "[c]hildren simply cannot wait for responsible parenting," *In re L.L.*, 459 N.W.2d 489, 495 (Iowa 1990), the trial court did not abuse its discretion when it concluded further delay would not be in the children's best interest and denied the continuance. We find no abuse of discretion.

### III.    Termination.

Our review of termination proceedings is de novo. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Though not binding, we give weight to the court's fact findings, especially those regarding witness credibility. *See* Iowa R. App. P. 6.904(3)(g); *C.B.*, 611 N.W.2d at 492. Iowa courts use a three-step analysis to review the termination of parental rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). Those steps include whether: (1) grounds for termination have been established, (2) termination is in the children's best interests, and (3) we should exercise any of the permissive exceptions to the termination. *Id.* at 472–73. We address each, bearing in mind that the children's best interests are our primary concern on review. *J.H.*, 952 N.W.2d at 166.

#### A.  Grounds for Termination of Parental Rights.

The juvenile court terminated the parental rights of both parents to both children under Iowa Code section 232.116(1)(e). It also terminated both parents' parental rights to M.C. under section 232.116(1)(f) and C.C. under section 232.116(1)(h). We may affirm if the record supports termination on any one statutory ground. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We therefore limit our analysis to paragraphs (f) and (h). Both parents only challenge the fourth element of each paragraph: whether the child could be returned to the

parent's respective custody at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f)(4), (h)(4); *see also In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (interpreting "at the present time" to be the time of the termination hearing).

The juvenile court determined neither child could be returned to either parent. In response, the mother and father's arguments are essentially those for more time. But this is not the standard we use; rather we consider whether the parent could safely assume immediate custody of the children. The record shows a long history of failed attempts at reunification, and neither parent has provided an argument to dispute these facts. Neither parent was in the position to adequately provide for the children at the time of the hearing. The mother had not addressed her substance-abuse concerns and failed to maintain sobriety. The father was still housed in a residential facility, where the children clearly could not reside. Additionally, neither parent had graduated from supervised to unsupervised visits. "Without this necessary progression, we cannot say the children could have returned to the [parents'] care." *In re C.N.*, No. 19-1961, 2020 WL 567283, at *1 (Iowa Ct. App. Feb 5, 2020). Based on our review of the record, we find the children could not be returned to either the mother or the father's custody at the time of the hearing. We further conclude there is clear and convincing evidence that grounds for termination of both parents' parental rights under Iowa Code section 232.116(1)(f) and (h) have been satisfied for M.C. and C.C., respectively.

Although both parents loosely state the reasonable-efforts requirement has not been met, we disagree. *See In re L.M.*, 904 N.W.2d 835, 839 (Iowa 2017) ("The State must show reasonable efforts as a part of its ultimate proof the child

cannot be safely returned to the care of a parent." (citation omitted)). In other words, "[t]he State must show reasonable efforts as a part of its ultimate proof the child cannot be safely returned to the care of a parent." *C.B.*, 611 N.W.2d at 493. But a reasonable-efforts challenge requires the parent to make an affirmative objection to the services offered. *L.M.*, 904 N.W.2d at 839–40 (recognizing "parents have a responsibility to object when they claim the nature or extent of services is inadequate"). In doing so, the parent must bring the challenge before the juvenile court prior to the termination trial. *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002). Neither parent has provided adequate argument that the State failed to provide certain services nor did either object to the services offered prior to the termination hearing; therefore, their respective arguments are both waived and not preserved. *See* Iowa R. App. P. 6.903(2)(g)(3) (requiring a party develop an appellate argument); *In re E.W.*, No. 22-0647, 2022 WL 2347196, at *2 (Iowa Ct. App. June 29, 2022) (finding an issue waived when the parent failed to develop a supporting argument); In re A.W., No. 23-1125, 2023 WL 6290680, at *3 (Iowa Ct. App. Sept. 27, 2023) (explaining the error-preservation requirements for a reasonable-efforts challenge).

   *B. Children's Best Interests Consideration.*

   Both parents challenge the finding that termination is in the children's best interests. We determine the children's best interests using the framework described in section 232.116(1). *See In re A.H.B.*, 791 N.W.2d 687, 690–91 (Iowa 2010). That provision requires that we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of

the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2).]

Clear and convincing evidence shows termination of both parents' rights serves the children's best interests. Both parents failed to show they can parent the children and stay sober. Their unresolved substance-abuse issues impede their ability to provide the children with a safe and permanent home. *See In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (noting that the "defining elements" of the best-interests analysis are a child's safety and "need for a permanent home" (citation omitted)); *see also State v. Petithory*, 702 N.W.2d 854, 859 (Iowa 2005) ("No parent should leave . . . small children in the care of a meth addict—the hazards are too great.").

*C. Discretionary Exceptions to Termination.*

Finally, both parents argue we should decline to terminate because of their respective parent-child bonds.[2] *See* Iowa Code § 232.116(3)(c) (providing a discretionary exception to termination when "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship"). This requires the parent to show by clear and convincing evidence "that, on balance, that bond makes termination more detrimental than not." *In re W.M.*, 957 N.W.2d 305, 315 (Iowa 2021).

While both parents assert a strong parent-child bond with the children, we find their claims are without merit. We do not doubt the parents' love for their children. But "our consideration must center on whether the child will be

---

[2] The parties argue this as part of the statutory grounds for termination. However, this is more appropriately addressed separately, so we consider it here.

disadvantaged by termination." *In re D.W.*, 791 N.W.2d 703, 709 (Iowa 2010). Neither parent sufficiently establishes why their parent-child bonds are so strong that termination should not be ordered. *See W.M.*, 957 N.W.2d at 315. Because neither parent has shown termination of their respective rights will be detrimental to the children, we decline to apply this permissive exception to preserve either parents' parental rights.

## IV.    Disposition.

Because we find the district court did not abuse its discretion in denying the motion to continue and having found the statutory grounds satisfied, we affirm termination of the mother's and father's parental rights.

**AFFIRMED ON BOTH APPEALS.**